JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZUANLING LI, | Case No. CV 23-7934 FMO (BFMx) |
| Plaintiff, | |
| v. | **ORDER RE: DISMISSAL WITHOUT PREJUDICE** |
| DIR LA ASYLUM OFC, <u>et al.</u>, | |
| Defendants. | |

Plaintiff Zuanling Li filed an I-589 application in October 2016. After waiting several years without receiving a decision, plaintiff filed this mandamus action seeking to compel defendants to adjudicate her application. (<u>See</u> Dkt. 1, Complaint at ¶¶ 1-48). On November 17, 2023, the parties filed a Joint Stipulation to Stay Case Pending Adjudication of Application ("Stipulation") until April 2, 2025, based on the parties' agreement that USCIS will interview plaintiff and adjudicate her application. (<u>See</u> Dkt. 17, Stipulation).

The parties request this stay in the interest of judicial economy, noting that plaintiff will voluntarily dismiss this case upon receipt of the asylum decision. In the court's experience with numerous similar requests in recent mandamus actions challenging similar delays, the setting of an agreed interview date generally leads to the resolution of the parties' dispute without the need for further intervention by the court. However, staying cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file

status reports.  It also increases the burden on the parties to file status reports or seek dismissal of the stayed case upon resolution of the matter.

It appears that the more efficient approach is to dismiss this action without prejudice to either party moving to reopen nunc pro tunc in the event that further court intervention becomes necessary.  The court perceives no practical difference between this approach and the relief stipulated by the parties, apart from eliminating the need for future monitoring or action if the parties honor their agreement, as the court expects them to.

Based on the foregoing, IT IS ORDERED THAT this action is **dismissed without prejudice** to any party seeking to vacate this Order and reopen the action nunc pro tunc in the event that plaintiff is unable to receive a determination in the time contemplated by the parties. Dated this 22nd day of November, 2023.

/s/
Fernando M. Olguin
United States District Judge

2